IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| SPENCER JERROD BELL, | |
| Plaintiff, | CIVIL ACTION NO.: 6:17-cv-12 |
| v. | |
| MATT LAMB, et al., | |
| Defendants. | |

**O R D E R**

Before the Court are Plaintiff Spencer Jerrod Bell's Motion for an Extension of Time to Respond to the Magistrate Judge's Report and Recommendation, (doc. 73), his Motion for Appointment of Counsel, (id.), and his Motion to Add a Retaliation Claim, (doc. 74).  For the following reasons, the Court **GRANTS** the Motion for an Extension of Time, (doc. 73), **DENIES** the Motion for Appointment of Counsel, (id.), and **DENIES** the Motion to Add a Retaliation Claim, (doc. 74).

BACKGROUND

On September 13, 2016, while incarcerated at Emanuel County Jail, Plaintiff argued about moving to a different cell block, which caused jail staff to physically restrain Plaintiff and relocate him to the different cell block, efforts that Plaintiff resisted.  (Doc. 64-2, pp. 1–3; doc. 64-9, pp. 13–23.)  Plaintiff saw a doctor three days later regarding injuries sustained during the September 13 altercation.  (Doc. 64-9, p. 27.)

Plaintiff, proceeding *pro se*, filed this suit on December 27, 2016, in the United States District Court for the Middle District of Georgia under 42 U.S.C. § 1983, and the case was

subsequently transferred to this Court. (Docs. 1, 6, 7.) Plaintiff then amended his original Complaint several times. (Docs. 5, 10, 14, 15, 18, 23.) Plaintiff asserted claims against Matt Lamb, Felicia Brown, Faye Clifton, Matt Riner, Emanuel County Jail, Sheriff Tyson Stephens, and Dewayne McKinney, alleging that they violated his Eighth Amendment and Fourteenth Amendment rights during the September 13, 2016, incident. (Docs. 18, 23.) The Magistrate Judge completed the frivolity review pursuant to 28 U.S.C. § 1915 and allowed Plaintiff's Eighth Amendment excessive force claim against Defendants Lamb, McKinney, and Riner to proceed. (Docs. 21, 29.) The Magistrate Judge also allowed Plaintiff to proceed on his Eighth Amendment deliberate indifference to serious medical needs claim against Defendants Brown, Clifton, Lamb, Riner, and Stephens. (Docs. 21, 29.) Defendants then moved for summary judgment as to all of Plaintiff's remaining claims. (Doc. 64.) The Magistrate Judge issued a Report and Recommendation (R&R) recommending that the Court grant summary judgment because Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act. (Doc. 70, pp. 5–9.) The Magistrate Judge also explained that Plaintiff's claims would fail on the merits and recommended denying Plaintiff leave to appeal *in forma pauperis*. (Id. at pp. 9–19.) Finally, the Magistrate Judge ordered "any party seeking to object to this [R&R] to file specific written objections within **14 days** of the date on which this [R&R] is entered." (Id. at p. 20.) No parties filed objections to the R&R, and after conducting an independent and de novo review of the entire record, the Court adopted the R&R on April 8, 2020, and directed the Clerk of Court to close the case. (Doc. 71.) The Court entered judgment on April 14, 2020. (Doc. 72.)

On June 8, 2020, nearly two months after the Court adopted the R&R and entered judgment against him, Plaintiff filed the at-issue Motion, asking the Court "for more time to respond and object" to the R&R and for the Court to "appoint [him] a lawyer due to [him] being housed at

2

Bulloch County Jail without access to discovery." (Doc. 73, p. 1.) According to Plaintiff, he was transferred to Bulloch County Jail and did not receive notice of the R&R until May 25, 2020, when he called home. (Id.) Finally, on July 14, 2020, Plaintiff filed a "Motion to Add [a] Retaliation Claim," asking the Court to "add [a] retaliation claim to [his] complaint against Emanuel County Jail." (Doc. 74, p. 1.) In this Motion, Plaintiff stated that on December 17, 2019, while being "transported to court by Emanuel County from Bulloch County Jail," he was placed in the back of the transport van with an unnamed inmate who he had a physical altercation with at Emanuel County Jail in 2016. (Id.) According to Plaintiff, this inmate "is known as a high rank[ing] gang member by Emanuel County, [and his] life was seriously put in harm['s way] by Emanuel County Jail." (Id.)

## DISCUSSION

**I.     Motion for Extension of Time**

The Court first addresses Plaintiff's Motion for Extension of Time. (Doc. 73.) In this Motion, Plaintiff asks the Court "for more time to respond and object" to the R&R. (Id. at p. 1.) Plaintiff asserts that he did not receive notice of the R&R in time to respond and object because his address changed. (Id.) According to Plaintiff, he was "being housed at Bulloch County Jail," which only allowed "postcards to come in from family," and he "assumed [he] would've been out[,] but the coronavirus threw the situation [there] back further." (Id.) Plaintiff then stated that he needs "more time to object because [he] just got notice of any mail from [D]efendants [on] May 25, 2020," when he "called home." (Id.)

The Court construes this Motion as a motion to reconsider under Federal Rule of Civil Procedure 60(b).[1] Under Rule 60(b), a court may

---

[1] "Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category." Retic v. United States, 215

3

> relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . ., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . .; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Here, the Magistrate Judge issued the R&R on March 6, 2020. (Doc. 70.) The Court adopted the R&R on April 8, 2020, (doc. 71), and entered Judgment on April 14, 2020, (doc. 72.) Plaintiff explains that he did not receive notice of the R&R until May 25, 2020, because he was moved to Bulloch County Jail; however, he did file this Motion for an Extension of Time soon after becoming aware of the R&R. (Doc. 73, p. 1.) Because Plaintiff's lack of response was due to a change in address and because Plaintiff acted promptly to seek additional time once he learned of the error, the Court finds that Plaintiff should have to opportunity to respond and object to the R&R. See, e.g., Lawson v. Speight, No. 1:17-cv-118, 2018 WL 1463360, at *1 (S.D. Ga. Mar. 23, 2018) (vacating judgment after plaintiff established that he did not receive a copy of the report and recommendation). Accordingly, the Court **GRANTS** Plaintiff's Motion. (Doc. 73.) Plaintiff may file objections to the R&R within **thirty (30) days** from the entry of this Order. However, because Plaintiff did not file any objections with his Motion, the Court will not vacate its Order adopting the Report and Recommendation at this time. For the time being, that Order will remain the Order of the Court, and this case shall remain **CLOSED**. Should Plaintiff file timely objections, the Court will consider Plaintiff's objections on the merits and assess what effect, if any, those objections have on the Court's Order adopting the Report and Recommendation.

---

F. App'x 962, 964 (11th Cir. 2007) (per curiam) (quoting Castro v. United States, 540 U.S. 375, 381 (2003)). "They may do so in order to avoid an unnecessary dismissal, to avoid inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis." Id. (quoting Castro, 540 U.S. at 381).

4

## II.     Motion for Appointment of Counsel

Within Plaintiff's Motion for an Extension of Time, Plaintiff also asked the Court to appoint him counsel because he is incarcerated "without access to discovery" and "lack[s] legal education." (Doc. 73, p. 1.) In a civil case, a plaintiff does not have a constitutional right to the appointment of counsel. Wright v. Langford, 562 F. App'x 769, 777 (11th Cir. 2014) (per curiam) (citing Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999)). While a court may appoint counsel for an indigent plaintiff, it has "broad discretion in making this decision." Id. (citing Bass, 170 F.3d at 1320). Appointment of counsel in a civil case is a "privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." Fowler v. Jones, 899 F.2d 1088, 1096 (11th Cir. 1990) (citing Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987); Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985)). The United States Court of Appeals for the Eleventh Circuit has explained that "the key" to assessing whether counsel should be appointed "is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help." McDaniels v. Lee, 405 F. App'x 456, 457 (11th Cir. 2010) (per curiam) (quoting Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993)).

Here, the Court does not find any "exceptional circumstances" that warrant the appointment of counsel. While the Court understands that Plaintiff is incarcerated and lacks legal education, "prisoners do not receive special consideration notwithstanding the challenges of litigating a case while incarcerated." Hampton v. Peeples, No. 6:14-cv-104, 2015 WL 4112435, at *2 (S.D. Ga. July 7, 2015). Nothing about Plaintiff's claims indicates that they are "so novel or complex as to require the assistance of a trained practitioner," and additionally, Plaintiff witnessed

the events he is complaining about. Fowler, 899 F.2d at 1096. The Eleventh Circuit has consistently affirmed district courts' denials of motions for appointment of counsel in cases similar to Plaintiff's. See Wright, 562 F. App'x at 777 ("[Plaintiff], like any other *pro se* litigant, would likely have benefited from the assistance of a lawyer, but his deliberate-indifference and excessive force claims were not so unusual that the district court abused its discretion by refusing to appoint counsel."); Burgess v. Bradshaw, 626 F. App'x 257, 259–60 (11th Cir. 2015) (per curiam) ("[Plaintiff] has not shown an abuse of discretion in the denial of his request for counsel. His claims for relief at trial, which involved allegations of excessive use of force and failure to intervene, were neither novel nor complex."); Watkins v. Broward Sheriff's Office, 771 F. App'x 902, 907 (11th Cir. 2019) (per curiam) ("[Plaintiff's] claims for relief, which involved allegations of excessive force and false arrest, were neither novel nor complex, and his claims involved incidents that he witnessed himself."); but see Smith v. Fla. Dep't of Corr., 713 F.3d 1059, 1065 (11th Cir. 2013) ("[Plaintiff] alleged a widespread practice of retaliatory transfers by the FDOC, not simply incidents he personally experienced. The discovery issues and the suspect conduct of the FDOC also hindered the plaintiff's ability to present the essential merits of his case. . . . [Thus,] this case presents exceptional circumstances that necessitate appointment of counsel.") (internal citation omitted). Furthermore, Plaintiff's lack of legal education—standing alone—does not constitute an exceptional circumstance warranting the appointment of counsel. See Brown v. Wilcher, No. 4:21-cv-27, 2021 WL 411508, at *1 (S.D. Ga. Feb. 5, 2021) (denying appointment of counsel even though plaintiff lacked a legal education); Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990) (affirming district court's refusal to appoint counsel even though plaintiff had limited access to a law library and did not have a legal education); Riley v. Vizcarra, No. 3:18-cv-2911-JAH-AHG, 2020 WL 4336271, at *3 (S.D. Cal. July 28, 2020) ("[L]imited access to the law

library and unfamiliarity with the law are circumstances common to most incarcerated plaintiffs and do not establish exceptional circumstances."). Based on the foregoing, the Court **DENIES** Plaintiff's Motion for Appointment of Counsel. (Doc. 73.)

### III.    Motion to Add a Retaliation Claim

Plaintiff also filed a Motion to Add a Retaliation Claim in which Plaintiff seeks to "add [a] retaliation claim to [the] [C]omplaint against Emanuel County Jail." (Doc. 74, p. 1.) The Court construes this Motion as a motion to amend under Federal Rule of Civil Procedure 15(a). As an initial matter, because this matter is currently closed and final judgment has been entered, Plaintiff cannot reopen this lawsuit by amending an already dismissed complaint. Therefore, Plaintiff's Motion must be denied. Moreover, as explained below, the Court would deny Plaintiff's Motion even if this case were still active.

Under Rule 15(a), a party may amend its pleading once as a matter of course within twenty-one days after service. Fed. R. Civ. P. 15(a)(1)(A). Plaintiff dated his Motion June 30, 2020, over two months after the Court granted Defendants' Motion for Summary Judgment, adopted the Magistrate Judge's R&R, and directed the Clerk of Court to close Plaintiff's case, and, thus, long after the deadline prescribed by Rule 15(a)(1). (Doc. 74, p. 2.) Accordingly, Plaintiff's only option to amend is through Rule 15(a)(2), which states that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

"As a general rule, leave to amend under [Rule 15(a)(2)] is given freely." Bryant v. United States, No. 1:16-cv-25, 2017 WL 1591884, at *1 (S.D. Ga. May 1, 2017) (citing Foman v. Davis, 371 U.S. 178, 182 (1962); Wedemeyer v. Pneudraulics, Inc., 510 F. App'x 875, 878 (11th Cir. 2013) (per curiam)). However, leave to amend is not guaranteed as "a trial court may deny such leave 'in the exercise of its inherent power to manage the conduct of litigation before it.'" Id.

7

(quoting Reese v. Herbert, 527 F.3d 1253, 1263 (11th Cir. 2008)).  "In making this determination, a court should consider whether there has been undue delay in filing, bad faith or dilatory motives, prejudice to the opposing parties, and the futility of the amendment."  Saewitz v. Lexington Ins. Co., 133 F. App'x 695, 699 (11th Cir. 2005) (per curiam) (quoting Local 472 of United Ass'n of Journeymen & Apprentices of Plumbing & Pipefitting v. Ga. Power Co., 684 F.2d 721, 724 (11th Cir. 1982)).  Furthermore, "where a party's motion to amend is filed after the deadline for such motions, as delineated in the court's scheduling order, the party must show good cause why leave to amend the complaint should be granted."  Smith v. Sch. Bd. of Orange Cnty., 487 F.3d 1361, 1366 (11th Cir. 2007): see also Fed. R. Civ. P. 16(b)(4).

Here, the Magistrate Judge's Scheduling Notice set the filing deadline for motions to amend or add parties as April 28, 2018, more than two years before Plaintiff filed his Motion. (Doc. 39, p. 1.)  Thus, Plaintiff must satisfy Rule 16(b)'s good cause requirement.  See Smith, 487 F.3d at 1366.  However, Plaintiff made no effort in his Motion to show good cause, nor did he mention Rule 16(b) and its requirements.  (See doc. 74.)  Thus, Plaintiff has not shown good cause. See Smith, 487 F.3d at 1367 (noting that a party must indicate with specificity the good cause he had for his untimely motion to amend); Govan v. Yale Carolinas, Inc., No. 1:15-CV-624-VEH, 2015 WL 12979095, at *1–2 (N.D. Ala. Dec. 29, 2015) (denying plaintiff's motion to amend when plaintiff "fail[ed] to cite Rule 16 at all in his motion, and [made] no attempt to argue 'good cause.'").

Even assuming good cause exists, the Court would still reject Plaintiff's request to add a retaliation claim because adding the claim would be futile.  "An inmate raises a constitutional claim of retaliation if he establishes that the prison disciplined him for filing a grievance or lawsuit concerning the conditions of his imprisonment."  Smith v. Fla. Dep't of Corr., 318 F. App'x 726,

8

728 (11th Cir. 2008) (per curiam) (citing Wildberger v. Bracknell, 869 F.2d 1467, 1468 (11th Cir. 1989)). "To establish a claim for retaliation, the inmate must show a causal connection between his protected conduct and the harm complained of." Id. (citing Farrow v. West, 320 F.3d 1235, 1248–49 (11th Cir. 2003)). Here, Plaintiff alleges that he was "placed in the back of [a] transport van" with an inmate who he had a previous "physical altercation" and that his "life was seriously put in harm['s way] by Emanuel County Jail." (Doc. 74, p. 1.) However, Plaintiff does not allege that prison officials placed Plaintiff next to the unnamed inmate in an attempt to harass, threaten, or retaliate against him for filing his lawsuit or for any other reason. (See id.) Moreover, while Plaintiff asserts that Emanuel County Jail placed his life in harm's way, Emanuel County Jail is no longer a party to this suit, (see doc. 29), and Plaintiff does not identify which Defendants, if any, placed him in the van with the unnamed inmate or which Defendants Plaintiff is asserting this new claim against, (see doc. 74). Furthermore, Plaintiff may not assert unrelated claims in one civil action. Smith v. Owens, 625 F. App'x 924, 928–29 (11th Cir. 2015) (upholding this Court's dismissal of unrelated claims pursuant to Federal Rule of Civil Procedure 20(a), which will allow the joinder of claims if the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences" and if "any question of law or fact common to all defendants will arise in the action"). Plaintiff has not plausibly alleged that the claim he seeks to add is sufficiently related to his claims in this lawsuit. For all of these reasons, the Court **DENIES** Plaintiff's Motion to Add a Retaliation Claim. (Doc. 74.)

## CONCLUSION

In light of the foregoing, the Court **GRANTS** Plaintiff's Motion for Extension of Time. (Doc. 73.) However, the Court **DENIES** the Motion for Appointment of Counsel, (doc. 73), and the Motion to Add a Retaliation Claim, (doc. 74). Plaintiff may file his objections to the R&R

within **thirty (30) days** from entry of this Order. This case shall remain **CLOSED** unless and until the Court orders otherwise.

    **SO ORDERED**, this 30th day of March, 2021.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA